IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAN CZYSZCZON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 C 2673 |
| ) | |
| MICHAEL ASTRUE, Commissioner of ) | |
| Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Jan Czyszczon has appealed the decision of the Social Security Administration ("SSA") to deny his application for disability insurance benefits. The Court appointed counsel to represent Czyszczon. Both Czyszczon and the SSA have moved for summary judgment.

**Facts**

Czyszczon, a sixty-one year old man, was born in Poland and immigrated to the United States approximately twenty years ago. R. 167. Until 2000, Czyszczon was employed as a tumbler machine operator in the construction industry and at a manufacturing plant where he operated heavy equipment and performed physical labor. R. 122.

Czyszczon applied for disability insurance benefits under the Social Security Act on June 24, 2004, alleging the following conditions limited his ability to work: high blood pressure, chest and heart pains, breathing problems, lower and upper spine pains, numbness of the lower

---

[1] On the Court's motion, Michael Astrue is substituted for Jo Anne B. Barnhart as defendant in this case, pursuant to Federal Rule of Civil Procedure 25(d)(1).

and upper extremities, frequent urination, stomach pains, reflux, depression, insomnia, inability to cope with daily activities, constant dizziness, and inability to eat. R. 62.

In support of his contentions, Czyszczon submitted evaluations and examination reports from three separate doctors: Drs. Kwiecinski, Stec and Radomska. R. 107-95. Dr. Kwiecinski reported that Czyszczon suffers from hypertension, severe osteoarthritis, peptic ulcer disease, gastroesophageal reflux disease and vascular insufficiency in the lower extremities. R. 113, 189-95. According to Dr. Stec, Czyszczon's disabilities include Parkinson's disease, multiple lumbar disc herniations and severe depression. R. 159-60. Czyszczon has taken, and continues to take, a variety of medications prescribed by Drs. Kwiecinski and Stec to treat his various conditions. R. 91-113. Both doctors agree that Czyszczon's multiple physical and/or mental ailments render Czyszczon capable of doing very little or no work. R. 113-95. At the request of the SSA, Dr. Radomska performed a psychiatric evaluation of Czyszczon, diagnosing him with "major depression." R. 107-10.

Czyszczon's initial application for disability insurance benefits was denied. R. 21. Czyszczon then filed a request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing in Czyszczon's case on October 6, 2005 during which Czyszczon was represented by a non-attorney. R. 165. At the hearing, Dr. Cavenaugh, a medical expert, summarized the evaluations and opinions of Drs. Kwiecinski, Stec and Radomska. R. 113-95. Czyszczon and an investigator for the SSA also testified. In addition, a Polish translator was present in order to assist Czyszczon. R. 165.

On November 21, 2005, the ALJ issued his ruling, in which he acknowledged that Czyszczon meets the "non-disability requirements . . . . of the Social Security Act," that he is "insured for disability benefits," and that "there is no evidence . . . . that [he] has engaged in

substantial gainful activity since his alleged onset date." R. 17-20. The ALJ concluded, however, that Czyszczon did not show that he has a "severe impairment" and thus that he was not disabled as that term is defined in the Social Security Act. R. 19. Specifically, the ALJ noted that Czyszczon's testimony concerning his physical condition conflicted with statements by third parties. The ALJ also noted that Czyszczon did not provide "any objective evidence, such as x-ray reports, laboratory testing, hospital records or counseling records" to support the findings of Drs. Stec and Kwiecinski. The ALJ stated that Czyszczon's case lacked "credibility." *Id*.

Czyszczon's appeal of the ALJ's decision to the SSA's Appeals Council was denied on March 15, 2006. R. 7-9. The Appeals Council subsequently denied Czyszczon's second appeal on June 21, 2006. R. 4.

## Discussion

This Court will reverse the ALJ's decision only if he applied an erroneous legal standard or if his findings are not supported by substantial evidence. 42 U.S.C. § 405(g); *see also Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). On the latter point, the issue is whether the ALJ's findings were supported by substantial evidence, not whether Czyszczon is disabled. *See Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401(1971)).

In reviewing the administrative record, this Court may not reweigh the evidence, resolve conflicts, decide questions of credibility or substitute one's own judgment for that of the ALJ. *See*, *e.g.*, *Clifford*, 227 F.3d at 869. Though this standard of review is deferential, the ALJ is

3

required to provide its path of reasoning used to reach the decision. *Id*. Thus, this Court may not simply "rubber-stamp" the findings of the ALJ without conducting a critical review of the evidence. *Id*.

To be eligible for disability insurance benefits, Czyszczon must be unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (a). In deciding whether Czyszczon is disabled, the ALJ used the standard five-step analysis: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the impairment is severe; (3) whether the impairment meets or exceeds one of a list of specific impairments; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work in the national economy. 20 C.F.R. § 404.1520. A negative answer at any point other than step three results in a finding that the claimant is not disabled. *See Clifford*, 227 F.3d at 868. The burden of proof is on the claimant through step four and shifts to the SSA at step five. *Id*.

In this case, the ALJ concluded that Czyszczon's alleged conditions did not constitute a "severe" impairment and consequently that he was not disabled. R. 20. A severe impairment is defined as one which significantly limits the claimant's physical or mental ability to do basic work activities, such as using judgment, responding appropriately to supervision, co-workers, and usual work situations, and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1520.

**1.      Right to Representation**

A claimant has a statutory right to counsel at a disability hearing. 42 U.S.C. § 406;

*Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). A claimant may waive the right to counsel, however, if properly informed. *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991). To ensure a valid waiver of counsel, the Seventh Circuit requires the ALJ to explain to a *pro se* claimant like Czyszczon the manner in which an attorney can aid in the proceedings, the possibility of free counsel or a contingency arrangement, and the limitation on attorney fees to twenty-five percent of past due benefits and required court approval of the fees. *Binion*, 13 F.3d at 245. If the ALJ fails to obtain a valid waiver, the burden shifts to the SSA to show the ALJ adequately developed the record on his own. *Id*.

Czyszczon contends that the ALJ failed to obtain a valid waiver of his right to counsel. At his hearing, Czyszczon was represented by a non-attorney, Ms. Alice Mitic. R. 35. Though the record reveals that Czyszczon was informed generally of his right to representation via several written forms, there is nothing in the record to indicate the forms were translated into Polish, Czyszczon's primary language, or that he adequately understood them in English. *See Meroki v. Halter*, No. 00 C 2696, 2001 WL 668951, at *6 (N.D. Ill. June 14, 2001) (claimant was not adequately informed of his right to be represented by an attorney because there was no indication he was advised in his own language about the information in the forms); *see also* R. 32, 36, 41, 44.

In addition, though the Seventh Circuit has counseled that the ALJ has a duty to "fully discuss the benefits of a legal representation" at the hearing, in this case the ALJ failed to raise the issue at all. *See Thompson*, 933 F.2d at 585; *see also Meroki*, 2001 WL 668951, at *6 (commenting on the ALJ's invalid waiver and the fact that the ALJ did not independently inquire into whether the claimant wanted an attorney representative rather than a non-attorney representative); *see also* R. 165-88. The ALJ also did not inquire into Ms. Mitic's qualifications

as a representative. *See Meroki*, 2001 WL 668951, at *6 (discussing the ALJ's failure to make sure claimant's non-attorney representative was capable of giving valuable help in accordance with the Social Security Act).

The ALJ should have made an effort to provide Czyszczon with the necessary information concerning his right to be represented by an attorney. The ALJ's failure to do so, along with Czyszczon's limited ability to read or speak English, leads the Court to conclude that Czyszczon did not knowingly and intelligently waive his right to counsel.

**2.     Duty of the ALJ to Develop a Full and Fair Record**

"[I]t is a basic obligation of the ALJ to develop a full and fair record" at a social security disability hearing. *Thompson*, 933 F.2d at 585. If the claimant is not assisted by counsel, the ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id*. "In addition, when a claimant is both unrepresented and suffers from a mental impairment," as is the case here, "the ALJ's duty to carefully develop the record is even greater." *Thompson*, 933 F.2d at 586. "Failure to fulfill this special duty is good cause to remand for gathering of additional evidence." *Id.* at 587.

As noted above, the ALJ failed to obtain a valid waiver of Czyszczon's right to counsel. The ALJ therefore had a heightened duty to develop a full and fair record. In his decision, the ALJ relied heavily on the lack of objective medical evidence in the record to confirm Czyszczon's alleged multiple impairments. R. 19. "If the ALJ believes that he lacks sufficient evidence to make a decision, he must adequately develop the record and, if necessary obtain expert opinions." *Clifford*, 227 F.3d at 873. Yet instead of inquiring into the availability of objective medical evidence to support the consistent medical diagnosis of three doctors as well as Czyszczon's own complaints, the ALJ adjourned the hearing. R. 180-88. The ALJ also failed

to address in an appropriate way the diagnosis of Dr. Radomska, the SSA's own consulting psychiatrist. R. 180-88.

In general, in light of the fact that Czyszczon has a limited education from Polish schools, speaks English as a second language, was diagnosed as suffering from psychological problems, and was not represented by an attorney, the ALJ did not sufficiently probe for the relevant facts, as he was required to do. R. 165-88. Under the circumstances, the ALJ should have taken additional steps to develop the record fully and fairly and to ensure "that favorable as well as unfavorable facts and circumstances are elicited." *Thompson*, 933 F.2d at 586. For these reasons, it is appropriate to remand the case to allow Czyszczon to present all of the available evidence, including objective evidence, that might support his claim.

3. **Medical Evidence**

Because the Court is remanding the case, it will discuss certain other matters that should be taken into account on remand. Czyszczon contends the ALJ improperly rejected the disability findings of all three physicians who evaluated him: Drs. Kwiecinski, Stec and Radomska. A treating physician's opinion regarding a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record. *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004). "An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as he minimally articulates his reasons for crediting or rejecting evidence of a disability." *Id.*; *see also Clifford*, 227 F.3d at 870. The Seventh Circuit has cautioned, however, that an ALJ "must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record. . . ." *Clifford*, 227 F.3d at 870.

The ALJ did not adequately articulate his reasoning for discounting the medical opinion of the SSA's own consulting psychiatrist, Dr. Radomska. Dr. Radomska diagnosed Czyszczon as having a GAF score of 40, which indicates he was suffering from "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." R. 110. The ALJ acknowledged that Dr. Radomska's examination report was "possible credible evidence" but disregarded the report, reasoning that it "is impossible to give credence to [Czyszczon's] statements." R. 19. In short, the ALJ essentially failed to take into account Dr. Radomska's diagnosis that Czyszczon suffered from "major depression," a diagnosis that was consistent with Dr. Stec's earlier findings. R. 110.

Uncontradicted evidence from a disinterested witness is normally "entitled to considerable weight," particularly with regard to mental illness. *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) ("We are led to consider with a degree of suspicion the [ALJ's] decision to go against the only medical evidence in the case, that of a psychiatrist not retained by the applicant but appointed by the [ALJ] himself . . . ."). The Seventh Circuit has also noted that "severe depression is not the blues" and is best diagnosed by "health professionals, in particular psychiatrists, not lawyers or judges." *Id*. The ALJ failed to justify adequately his determination to discount Dr. Radomska's medical opinion.

Moreover, according to reports by Czyszczon's two treating physicians, Drs. Kwiecinski and Stec, Czyszczon suffers from multiple serious health conditions. R. 159-60, 189-95. Although Dr. Kwiecinski's diagnosis of Czyszczon was largely consistent with Dr. Stec's findings, the ALJ discredited the medical evaluations of these two doctors based on the lack of "any objective evidence." R. 19. The ALJ's decision states that Dr. Cavenaugh, a medical

8

expert, "testified that there is no medical record actually showing any medical condition." R. 19. However, Dr. Cavenaugh provided no such testimony. R. 180-85. He instead testified that "the medical evidence . . . .alleges multiple impairments, all of such severe degree as to be totally incapacitating of any work or any exertion . . . .[I]f it were found credible, [the medical evidence] would meet or equal the listings for nine different impairments . . . ." R. 185.

Further, the record contains ample evidence that Czyszczon sought medical treatment for his pain and other medical conditions every six to twelve weeks. R. 91-113. Specifically, Dr. Stec noted that Czyszczon has been taking "more and more medications," which produce "multiple side effects and further compromise [Czyszczon's] medical condition and ability to function normally in his daily living activities." R. 159. Dr. Stec also provided thirty-two pages of medical evaluations and diagnosis records. R. 91-06, 142-60. In addition to the medical evaluations and physician's reports offered, Dr. Stec, who has treated Czyszczon regularly since May 2004, provided the results of several medical tests performed on Czyszczon. R. 91, 159. These tests led Dr. Stec to conclude that Czyszczon "is totally disabled to work from medical and psychiatric points of view." R. 94, 145.

On remand, the ALJ should reexamine the propriety of discounting the medical evidence provided by these physicians.

### 4. Czyszczon's Testimony

Czyszczon contends that the ALJ improperly evaluated his testimony regarding his disability status. The ALJ found Czyszczon's statements about his physical condition were contradicted by his daily activities and therefore lacked credibility. R. 19. An ALJ's credibility determination will not be disturbed unless it is patently wrong. *See Diaz*, 55 F.3d at 308; *see also Jens*, 347 F.3d at 213. However, "the ALJ may not select and discuss only that evidence

that favors his ultimate conclusion." *Diaz*, 55 F.3d at 307.

The ALJ based his credibility determination on alleged contradictions between Czyszczon's testimony about his daily activities and statements by third parties such as neighbors. The record reveals, however, that Czyszczon's testimony, when considered in its totality, was largely consistent with the balance of the evidence.

First, the ALJ found contradictions between Czyszczon's purported testimony and third party reports that Czyszczon unloads groceries and walks up three flights of stairs to reach his apartment. R. 19. However, Czyszczon actually testified to walking up and down three flights of stairs "daily" and admitted that he could lift groceries and other things that are "really light." R. 172, 170. Moreover, Czyszczon acknowledged he did not yet have a cane or crutches to use while walking. R. 172. The supposed contradiction was lacking.

The ALJ also noted inconsistencies between third party statements to an SSA investigator that Czyszczon drove his van on a regular basis and Czyszczon's reports that he "rarely/never" drives and his testimony that "he does not drive." R. 19. The ALJ disregarded the fact that although Czyszczon did testify at the hearing that he no longer drove, he clarified that he had stopped driving only "about three, four months" prior to the hearing, which was held on October 6, 2005. R. 169. The SSA investigator made her observations on November 10, 2004, approximately one year prior to the time at which Czyszczon testified he stopped driving. R. 176. Furthermore, Czyszczon acknowledged in his testimony that during the time the SSA investigator was conducting her interviews, he had "felt a lot better" and drove his van frequently "to go get groceries." R. 175. Again, the supposed contradiction was more apparent than real.

The ALJ also apparently discredited Czyszczon's testimony that he is always in extreme

pain and wheezing, based on statements by neighbors who said they observed Czyszczon laughing with unknown persons and describing him as "sociable and very friendly." R. 19. Minimal daily activities, however, do not establish that a person is capable of engaging in substantial physical activity. *See Clifford*, 227 F.3d at 872. Moreover, the Seventh Circuit has noted that sporadic physical activity, even activity as significant as walking two miles, is not inconsistent with a claimant's testimony that he has severe disabling pain. *See Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004). Indeed, the fact that Czyszczon occasionally may be able to "drive, shop, [and] do housework" instead of "wracking in pain every minute of the day," does not indicate that his testimony concerning his conditions lacks credibility. *Id.* Again, all of these matters should be reexamined on remand.

## Conclusion

The Clerk is directed to substitute Michael Astrue as the defendant in this case, in place of Jo Anne B. Barnhart. For the reasons stated above, the Court denies both parties' motions for summary judgment [docket nos. 33 & 46] and grants Czyszczon's alternative motion for remand docket no. 46]. The Clerk is directed to enter judgment remanding the case to the SSA for further proceedings consistent with this decision.

The Court thanks appointed counsel Daniel J. Hayes, Daniel G. Rosenberg and Abram I. Moore of the law firm of Bell, Boyd & Lloyd for their excellent work on behalf of Mr. Czyszczon and expresses its hope that counsel will continue to represent Mr. Czyszczon before the SSA on remand.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 26, 2007